# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IVAN L. MENDEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-989-LPS |
| | : | |
| JAMES T. VAUGHN CORRECTIONAL | : | |
| CENTER and STATE OF DELAWARE, | : | |
| | : | |
| Defendants. | : | |

Ivan L. Mendez, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

September 29, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Ivan L. Mendez ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]  Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware.  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II.   BACKGROUND

Plaintiff alleges that Defendants VCC and the State of Delaware are denying him medication and treatment for internal bleeding that he has suffered from since 1998.  The Complaint does not refer to any individuals or specific dates.  Plaintiff made the same allegations in *Mendez v. Delaware*, Civ. No. 10-979-LPS.

## III.  LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Erickson* v. *Pardus,* 551 U.S. 89, 93 (2007); *Phillips v.*

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

*County of Allegheny,* 515 F .3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams,* 490 U.S. 319,325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 at 327-28*; see also Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough,* 184 F.3d 236,240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U. S. C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,* __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,*

129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a

two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the

factual and legal elements of a claim are separated. *See id.* The Court must accept all of the

complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-

11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to

show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the

complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show"

such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content

allows the Court to draw a reasonable inference that the defendant is liable for the misconduct

alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV. DISCUSSION

### A. Eleventh Amendment

The claims against Defendants are barred by the State's Eleventh Amendment immunity.

*See MCI Telecom. Corp. v. Bell Atl. of Pa.,* 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh

Amendment of the United States Constitution protects an unconsenting state or state agency from

a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See*

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S.

651 (1974). Moreover, state correctional institutions are arms of the state and not persons

subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102

3

(D. Del. 2005). The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007) (not published).

Plaintiff's claims against Defendants have no arguable basis in law or in fact and are frivolous. Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. **Maliciousness**

The Court finds the filing of the instant Complaint malicious. As discussed, Plaintiff filed an almost identical complaint in Civ. No. 10-979-LPS. The difference between the two cases is that in the instant case, in addition to the State of Delaware, Plaintiff named the VCC as a defendant. By Order issued today, the Court has dismissed the Complaint in Civ. No. 10-979-LPS as frivolous, but has also given Plaintiff leave to amend in that case, given his allegations of a medical needs claim.

A separate standard for maliciousness is not well established. *See Abdul-Akbar v. Department of Corr.*, 910 F.Supp. 986 (D. Del.1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Deutsch*, 67 F.3d at 1086. Other circuits have identified more objective criteria of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.

1993). A district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Crusafi*, 655 F.2d at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie,* 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation"). The instant complaint is malicious, as it duplicates allegations of another pending federal lawsuit Plaintiff filed.

Accordingly, the Court will dismiss the Complaint as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

## V.     **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An appropriate Order follows.